### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT H.,**[1] | : | |
| | : | **Case No. 2:23-cv-914** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

### OPINION & ORDER

This matter comes before this Court on Plaintiff's Objection (ECF No. 14) to the Magistrate Judge's January 9, 2024, Report and Recommendation (ECF No. 13), which recommended that Plaintiff's Statement of Errors (ECF No. 10) be overruled and that the Commissioner's decision be affirmed. This Court hereby **ADOPTS** the Report and Recommendation (ECF No. 13) in its entirety based on an independent consideration of the analysis therein and **OVERRULES** Plaintiff's Statement of Errors.  (ECF No. 10).

### I.    BACKGROUND

Plaintiff, Robert H., filed an application for Title XVI Supplemental Security Income on June 5, 2020, alleging that he had been disabled since July 27, 1995, due to a major depression. (R. at 419-25, 441). Plaintiff was later in a motor vehicle accident, after which he reported several physical impairments. (R. at 158). Plaintiff's application was denied and subsequently denied upon reconsideration. (R. at 290-311). Plaintiff, represented by counsel, appeared and testified before the Administrative Law Judge Jeffrey Hartranft (the "ALJ") on July 14, 2022. (R. at 153-75). On

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

September 26, 2022, the ALJ found that Plaintiff was not "disabled" within the meaning of the

Social Security Act. (R. at 100-22). The Appeals Council denied Plaintiff's request for review and

accepted the ALJ's decision as the Commissioner's final decision. (R. at 1-7). Plaintiff timely filed

an action for review by this Court. (ECF No. 1).

Following the five-step sequential analysis required by 20 C.F.R. § 404.1520(a)(4),[2] the

ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at

100-22). While the ALJ recognized that Plaintiff had severe mental and physical impairments, he

ultimately concluded that they did not meet the level of medical severity required under Part B of

Appendix I to Subpart P, 20 C.F.R. Part 404 to find Plaintiff disabled. (*Id*.). The ALJ explained

that:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20
> CFR 416.967(c) except [Plaintiff] could not climb ladders, ropes, or scaffolds. He would
> be capable of frequent reaching but no overhead reaching with his left arm. Mentally, he
> would be capable of simple routine and repetitive tasks involving only simple work-related

---

[2] Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five step sequential steps are as follows:

    i.   At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

    ii.   At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

    iii.   At the third step, we also consider the medial severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .

    iv.   At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

    v.   At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 404.1520(a)(4).

decisions and with few, if any workplace changes. He could have occasional interaction with the general public, co-workers and supervisors.

(*Id.*).

The ALJ found that Plaintiff could perform jobs that "exist in significant numbers in the national economy" and therefore, he reached the conclusion that Plaintiff was not disabled, as defined in the Social Security Act. (*Id.*).

Plaintiff's Statement of Errors seeks reversal on the grounds that the ALJ's formulation of Plaintiff's residual functional capacity ("RFC")[3] was not supported by substantial evidence. (ECF No. 10). Plaintiff asserts that the ALJ erred by failing to satisfy his duty to complete the claimant's medical record and instead based the RFC on raw medical data and claimant testimony. *Id*. Specifically, Plaintiff claims that the ALJ had an obligation to order a consultative examination or have a medical expert testify prior to completing the RFC because the ALJ rejected the state agency psychological evaluations in the record and those opinions were formed before Plaintiff's physical limitations arose. *Id*. The Commissioner argues in opposition that the ALJ "properly summarized the medical record, and determined that he did not require consultative examiners or a medical expert because he had enough evidence to formulate the RFC." (ECF No. 11). The Commissioner points out that the ALJ was charged with the responsibility of determining Plaintiff's RFC and it was completely within the ALJ's discretion to decide if additional testing or examination was required. *Id*.

On January 9, 2024, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. (ECF No. 13). The Magistrate Judge explained that ALJs

---

[3] It is recognized that an employee's physical and mental limitations can affect their abilities in a work setting. The RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1).

are permitted to interpret medical evidence, like doctors' reports, without relying on a medical opinion with respect to disability status. (*Id.* at 9-20). In the Magistrate Judge's view, the ALJ did so appropriately here regarding both Plaintiff's mental and physical impairments. (*Id.*).

Plaintiff objected to the Magistrate Judge's findings, and the Commissioner responded. (ECF Nos. 14, 15). Plaintiff's Objection is now ripe for review.

## II.  STANDARD OF REVIEW

In a matter regarding an objection to a Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b).  This de novo review hinges on "whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence constitutes evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted).  This means "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III.  LAW AND ANALYSIS

Plaintiff's Objection is limited to the Magistrate Judge's analysis of his physical impairments. (*Id.*). In the Report and Recommendation, the Magistrate Judge concluded that the ALJ's decision to formulate an RFC without ordering a consultative exam was correct because the objective medical evidence did not demonstrate that Plaintiff's physical limitations were severe. (ECF No. 13 at 20). In so doing, the Magistrate Judge quoted the ALJ's analysis at length. (*Id.*).

Plaintiff asserts that the ALJ's findings cited by the Magistrate Judge fail to provide any explanation or analysis as to how the ALJ reached his conclusion that the alleged severity of Plaintiff's physical impairments was not fully supported by the record. (ECF No. 14). While Plaintiff acknowledges that the ALJ discussed evidence of the physical impairments in several paragraphs, Plaintiff also argues that "the ALJ spent a single paragraph attempting to actually analyze the evidence, and that paragraph failed to provide any sort of meaningful explanation." (*Id*.). Plaintiff also continues to assert that the ALJ erred by evaluating the RFC without the assistance of a medical expert or a consultative examination. (*Id*.).

Plaintiff's contentions are without merit. With respect to the ALJ's failure to order a consultative examination, an ALJ retains "discretion" to develop an RFC without a medical opinion "where the medical evidence shows relatively little physical impairment" such that "an ALJ can render a commonsense judgment about functional capacity." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. 2008). And as the Magistrate Judge explained, reliance on medical evidence like doctors' reports is not the same as impermissible reliance on "raw medical data." (ECF No. 13 at 9-10).  The ALJ's decision to reject Plaintiff's application without ordering a consultative examination is not dispositive.

Nor was the ALJ's independent analysis insufficient. The ALJ's discussion, on which the Magistrate Judge relied, highlighted various occasions on which Plaintiff's symptoms resolved or improved, especially after completing physical therapy or maintaining compliance with his medication. For example, the ALJ stated that:

> The claimant demonstrated positive impingement and reduced range of motion (active and passive) and strength in the shoulder. Physical therapy twice a week for six weeks was recommended (Ex. 17F/1-6). He reported feeling better at the end of his physical therapy session on May 4, 2022 (Ex. 17F/11).

(R. at 111-113).  The analysis therefore extends beyond the single paragraph that Plaintiff points out. And the ALJ provided sufficient explanation as to his findings that the objective medical evidence did not support the severity or degree that Plaintiff alleged regarding his physical limitations.  The ALJ explained that:

> while the claimant has medically determinable impairments that could reasonably cause some symptoms and limitations, the above evidence shows that the claimant's testimony regarding the extent of such symptoms and limitations is not fully supported. However, the claimant's complaints have not been completely dismissed, but rather, have been included in the residual functional capacity to the extent that they are consistent with the evidence as a whole. Nevertheless, in considering the criteria enumerated in the Regulations, Rulings, and case law for evaluating the claimant's subjective complaints, the claimant's testimony was not persuasive to establish an inability to perform the range of work assessed herein. The location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as precipitating and aggravating factors are adequately addressed and accommodated in the above residual functional capacity.

(R. at 115.)  Given the specificity of the ALJ's findings, the Magistrate Judge did not err in affirming the ALJ's decision. Further, this court's independent review reveals that the ALJ's decision was supported by substantial evidence in the record.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 18, 2024**